US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 17 2022

JAMIE GIANI, Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS By
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | No. 5:22-CR-50053 - 001 |
| | § | |
| v. | § | |
| | § | |
| ROBERT CESSARIO | § | |

## PLEA AGREEMENT

The defendant, **Robert Cessario**, the defendant's attorney, **John Everett**, and the

United States Attorney for the Eastern District of Texas, acting under authority conferred

by 28 U.S.C. § 515, agree to the following, pursuant to **Fed. R. Crim. P. 11(c)(1)(C)**:

1.   **RIGHTS OF THE DEFENDANT**: The defendant understands that accused

individuals have the following rights, among others:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have guilt proved beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in
           defense; and

      e.    to not be compelled to testify against oneself.

2.   **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these

rights and agrees to enter a plea of guilty to Count 1of the information, which charges a

violation of 18 U.S.C. § 1512(c)(1), corrupt destruction of an object in an official

proceeding.  The defendant understands the nature and elements of the crime to which

guilt is admitted and agrees that the factual basis the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE**: The maximum penalties the Court can impose include:

   a. imprisonment for a period of not more than twenty years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

   e. forfeiture of property involved in or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**: The parties agree that the following stipulations yield the appropriate sentence in this case:

   a. The applicable guideline for determining the offense level is U.S.S.G. § 2J1.2;

   b. The cross-reference at U.S.S.G. § 2J1.2(c) does not apply;

   c. The defendant shall be sentenced to a term of probation, the length of which shall be determined by the Court at the time of sentencing, pursuant to 18 U.S.C. § 3563 and U.S.S.G. § 5B1.3. This stipulation is contingent upon all of the following:

          i.     the United States Probation Office recommending and the defendant receiving a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; and

         ii.    the defendant demonstrating acceptance of responsibility up to and through the time of sentencing, including by not violating any federal, state, or local laws.

    d.  The defendant shall pay the mandatory special assessment of $100.00 at or prior to the sentencing hearing;

    e.  The Court shall determine and impose any fine, community service, and term of home confinement deemed appropriate;

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5.     **RESTITUTION**: The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

6.     **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas, acting under authority conferred by 28 U.S.C. § 515, agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon

the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

7. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

8. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

9. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

10. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or

**Plea Agreement – Page 4**

prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

11. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

12. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Offices for the Eastern District of Texas and the Western District of Arkansas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

13. **ENTIRETY OF AGREEMENT**: The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

Dated: 17 Aug 2022

ALAN R. JACKSON
Assistant United States Attorney

JONATHAN R. HORNOK
Assistant United States Attorney

Acting Under Authority Conferred by 28 U.S.C. § 515

I have read or had read to me this plea agreement and have carefully reviewed
every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 8/17/22

ROBERT CESSARIO
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea
agreement with the defendant. To my knowledge and belief, my client's decision to
enter into this plea agreement is an informed and voluntary one.

Dated:

JOHN EVERETT
Attorney for Defendant

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 17 2022

JAMIE GIANI, Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 5:22-CR- 5 0053 - 001 |
| | § | |
| ROBERT CESSARIO | § | |

## FACTUAL BASIS

Investigation by the U. S. Department of Justice, Office of the Inspector General, disclosed the following facts that establish that I, the defendant, **Robert Cessario,** committed the conduct described in Count 1 of the information, which charges a violation of 18 U.S.C. § 1512(c)(1) (corrupt destruction of record in an official proceeding). I agree that the following factual basis is true and correct:

1. I admit that, at all times relevant, I was a special agent with the Federal Bureau of Investigation and one of the primary agents investigating, and assisting in the prosecution of, defendants in Cause No. 5:17-CR-50010, *United States v. Woods, et al*.

2. In my capacity as a special agent and as part of the investigation, I obtained recordings from a cooperating defendant. I placed these recordings on a government computer that had been issued to me for use in conducting covert operations that would not be traceable to a government computer. I knew that these recordings were pertained to the prosecution in Cause No. 5:17-CR-50010, *United States v. Woods, et al*.

3. Questions arose in the case about when and in what manner I had obtained the recordings. Therefore, the Court ordered that the computer be forensically examined by the FBI.

4. On or about December 4, 2017, before taking the computer for the forensic examination, I took the computer to a commercial computer business and paid that business to "wipe" the computer, that is, to completely erase the contents of the hard drive that contained the recordings. Thereafter, on or about December 6, 2017, I personally performed another procedure to "wipe" the computer.

5. I erased the contents of the computer hard drive knowing that the Court had ordered that the computer be submitted for a forensic examination. I did so with the intention of making the contents of the computer's hard drive unavailable for forensic examination. At the time, I knew that the contents of the hard drive were relevant to an official proceeding, that is, Cause No. 5:17-CR-50010, *United States v. Woods, et al*. I corruptly performed, and had performed, the erasures with intent to impair the integrity and availability of the computer hard drive and its contents for use in that official proceeding,

6. I am pleading guilty to Count 1 in this case because I am guilty of the violation alleged. I have had an opportunity to consult with an attorney and I am satisfied with the advice and counsel I have received. I acknowledge that these acts violated 18 U.S.C. § 1512(c)(1). I hereby stipulate that the facts described above are true and correct, and I accept them as the uncontested facts of this case.

Dated: _8/7/22_

_____
ROBERT CESSARIO
Defendant

2

I have reviewed this Factual Basis with the defendant. Based on these discussions,

I am satisfied that he understands the terms and effect of the Factual Basis and that he has

signed it voluntarily.

Dated: 8/17/2022

JOHN EVERETT
Attorney for Defendant