UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        No. 5:22-cr-50053-001

ROBERT CESSARIO                                                                              DEFENDANT

## OPINION AND ORDER

Before the Court are proposed intervenor Jonathan Woods's motion to intervene (Doc. 19) and brief in support (Doc. 20). The motion will be DENIED.

Mr. Woods is a former Arkansas state senator. Mr. Cessario was an FBI case agent in a public-corruption investigation that ultimately led to the conviction of Mr. Woods and several co-conspirators in the cases of *United States v. Neal*, Case No. 5:17-cr-50001, and *United States v. Woods et al.*, Case No. 5:17-cr-50010. One of those co-conspirators, former Arkansas state representative Micah Neal, made secret recordings of conversations between himself and Mr. Woods. Mr. Neal provided the recordings to Mr. Cessario, who stored them on a government-issued laptop. *See* Case No. 5:17-cr-50010, Doc. 297, pp. 4–8, 30–31. At a critical stage in the judicial proceedings against Mr. Woods and his co-defendants, questions arose concerning when and how those secret recordings were uploaded to a Dropbox account. *See id.* at 30–31. An assistant United States attorney directed Mr. Cessario to turn the laptop over to an FBI forensic examiner, who would search it for data relating to the secret recordings. *Id.* However, Mr. Cessario then repeatedly wiped the laptop before delivering it to the forensic examiner, thus erasing all of its data and rendering it effectively inaccessible for forensic examination. *See id.* at 31. Those actions formed the basis for Mr. Cessario's conviction in the instant case for corrupt destruction of an object in an official proceeding in violation of 18 U.S.C. § 1512(c)(1).

1

The *Woods* court conducted a 3-day evidentiary hearing regarding the secret Neal recordings and Mr. Cessario's wiping of the laptop. *See id.* at 31. Ultimately, notwithstanding Mr. Cessario's actions, the court was able to use independent evidence to reconstruct the timeline of the recordings' creation, their provision to the Government, and their production to the defendants. *See id.* at 33–36. The *Woods* court concluded that "Agent Cessario committed intentional misconduct when he wiped the laptop, but there is no evidence in the record to show, and no good reason to believe, that he destroyed any information that is material to the charges and defenses in this case but not already in the Defendants' possession." *See id.* at 43. Accordingly, the *Woods* court also found that the defendants suffered no prejudice from Mr. Cessario's misconduct. *See id.* at 44. As a sanction for the misconduct, the *Woods* court prohibited the Government from introducing the secret recordings or calling Mr. Cessario as a witness in its case-in-chief at trial. *See id.* at 45. However, the court did not prohibit the defendants from introducing the secret recordings or calling Mr. Cessario as a witness at trial, although it did exclude evidence of Mr. Cessario's wiping of the laptop under Federal Rule of Evidence 403. *See* Case No. 5:17-cr-50010, Doc. 327, pp. 4–7.

Ultimately, a jury convicted Mr. Woods on 15 counts of bribery and money laundering, and he was sentenced to roughly 18 years in prison, where he remains today. *See* Case No. 5:17-cr-50010, Doc. 471. He appealed these matters to the Eighth Circuit, which affirmed the district court's rulings in all respects. *See generally United States v. Woods*, 978 F.3d 554 (8th Cir. 2020); *see also United States v. Paris*, 954 F.3d 1069 (8th Cir. 2020).

Mr. Woods now seeks to intervene in the instant matter, which is Mr. Cessario's criminal proceeding. Mr. Woods asks this Court to order the parties to provide him "with **all** evidence exchanged in this criminal suit," and to "unseal all documents filed with the Court and make said

documents available to the public." *See* Doc. 19, pp. 1–2 (emphasis in original).  Mr. Woods's motion will be denied.

The Federal Rules of Criminal Procedure do not provide for third-party intervention in criminal cases.  *See United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007).  And although federal district courts may "formulate procedural rules not specifically required by the Constitution or the Congress to implement a remedy for violation of recognized rights," *see United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (quoting *United States v. Hasting*, 461 U.S. 499, 505 (1983)) (internal quotation marks omitted), there is no such remedy to be had here.  Mr. Woods insists that he "has a serious and significant liberty interest and constitutional and civil rights interest in determining what was on those files" which Mr. Cessario deleted, "whether the evidence was responsive under *Brady v. Maryland*, the degree to which they were material to his defense, and whether statements contained therein were exculpatory to the accusations against him or inculpatory as to the credibility of one or several witnesses against him, including [Mr. Cessario]."  *See* Doc. 20, ¶ 24.  But as described above, the *Woods* court conducted a 3-day evidentiary hearing on these matters, found that Mr. Woods had not suffered any prejudice from Mr. Cessario's misconduct, and nevertheless sanctioned the Government by limiting the evidence it could present during its case-in-chief at trial.

In other words, Mr. Woods has already been given ample opportunity to conduct discovery into these matters and has already obtained his remedy.  He was convicted anyway by a jury of his peers, on the strength of extensive documentary evidence and witness testimony which the *Woods* court recounted at great length and described as weighing "heavily in favor of the verdict."  *See* Case No. 5:17-cr-50010, Doc. 422, p. 23 (denying motion for a new trial).  Nothing in the record for the proceedings against Mr. Cessario undermines that outcome or even sheds any new light on

3

Mr. Cessario's motives or the laptop's contents. True or not, the story Mr. Cessario has told about those matters in his own criminal case is essentially the same one he told on the stand during the evidentiary hearing in the *Woods* case, when he was subjected to extensive cross-examination by the defense attorneys, the Government, and the Court itself. The only documents that have been filed under seal in the instant matter are the same documents that are filed under seal in every criminal case: the probation office's pretrial report (Doc. 1), the citation calendar (Doc. 4), the probation office's initial presentence investigation report (Doc. 8), both parties' responses thereto (Docs. 10, 11), the probation office's final presentence investigation report (Doc. 12), the probation office's sentencing recommendation (Doc. 13), and the Court's statement of reasons for its judgment (Doc. 22). Such documents are virtually never unsealed in any criminal case, and Mr. Woods has not established any entitlement to them. Nor has he established any entitlement to the discovery materials that were exchanged between the parties in this case.

  IT IS THEREFORE ORDERED that proposed intervenor Jonathan Woods's motion to intervene (Doc. 19) is DENIED.

  IT IS SO ORDERED this 11th day of January, 2023.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE